UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin Moen,	Case No. 11-cv-2906 (ADM/TNL)

    Plaintiff,

v.	**ORDER**

Lucinda Jesson, et al.,

    Defendants.

This matter is before the Court on three motions of plaintiff Kevin Moen: (1) a motion to amend the complaint [ECF No. 6]; (2) a motion for appointment of counsel [ECF No. 9]; and (3) a motion to continue prosecuting this case [ECF No. 19]. The Court will address those motions in that order.

**(1) Motion to Amend**

Moen is entitled to amend his pleading once as a matter of course during the earliest stages of the litigation, with no leave of the Court required. *See* Fed. R. Civ. P. 15(a)(2). Accordingly, Moen was not required to file a motion seeking to amend his complaint; he could have simply filed the proposed amended complaint [ECF No. 6-1] as an amended complaint itself, and that amended complaint would have become operative upon filing. For this reason, the motion to amend will be granted, and the Clerk of Court will be directed to redocket the proposed amended complaint as the amended complaint itself.

That said, Moen's amended complaint — which, again, is now operative — is fatally flawed. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading

1

that states a claim for relief contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." "The words 'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear. Rule 8 was not promulgated to provide helpful advice; it has the force of law, and it must be followed." *Gurman v. Metro Housing and Redevelopment Authority*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). The Court may enforce Rule 8 and dismiss a complaint for being in violation of that rule *sua sponte*. *See Olson v. Little*, 978 F.2d 1264 (8th Cir. Oct. 27, 1992) (unpublished table disposition); *Hunter v. Murdoch*, No. 19-CV-0590 (NEB/DTS), 2019 WL 1967130, at *1 (D. Minn. Mar. 21, 2019).

Moen's amended complaint is neither "short" nor "plain." At 120 pages and 248 paragraphs (not including prayer for relief, which includes several more paragraphs), the amended complaint is longer than all except the very most prolix pleadings submitted to this Court. Yet despite this overlength, the amended complaint is frequently unclear regarding the most basic element of any pleading stating a claim for relief — *whom* is being alleged to have done *what*, specifically? Nineteen causes of action are included in the amended complaint, each one of which is raised indiscriminately against each of the fourteen defendants named. Those causes of action stem from factual allegations that are also pleaded indiscriminately with respect to each of the defendants, with little attempt made to describe which of the defendants is responsible for the events or actions at issue. *See, e.g.*, Amended Complaint ¶ 136 ("There have been several other occasions when MSOP staff, including Defendants Mrs. Lucinda Jesson, Dennis Benson, Greg Carlson, Kevin Moser, David Prescott, Janine Hebert, Tom Lundquist, Elizabeth Barbo, Tara

2

Osborne, Faith Ferguson, Hollie Ringler, David Taplan, Mary Ward and John Doe, has allowed the unlawful searches."). "[C]omplaints like the one in this case unfairly burden defendants and courts. The plaintiff who files a kitchen-sink complaint shifts onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support . . . . This is emphatically not the job of either a defendant or the Court." *Gurman*, 842 F. Supp. 2d at 1153.

Although this Court could recommend dismissal of this matter pursuant to Rule 8(a)(2) at this time, Moen will instead be granted leave to file a second amended complaint. This second amended complaint must comply with Rule 8 — and, of course, all other relevant provisions of the Federal Rules of Civil Procedure — and must be filed **within 28 days of the date of this order**, failing which it will be recommended that this matter be dismissed without prejudice pursuant to Rule 8.

**(2) Motion for Appointment of Counsel**

Moen next requests that counsel be appointed to represent him in this proceeding. *See* ECF No. 9. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998); *see also In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986) ("The decision to appoint counsel in civil cases is committed to the discretion of the district court."). This Court does not believe appointment of counsel to be warranted at this time. It is not yet clear *what* claims will be before the Court, as Moen must file a new amended complaint. The task currently required of Moen — the filing of a second amended complaint — is not terribly complex: He must draft a document alleging what he believes to have occurred, who is responsible for the

events and incidents at issue, and what statutes those actions are being claimed to have violated. Moen has demonstrated sufficient ability in litigating this matter to suggest that he can set forth his allegations and legal claims in a manner that complies with Rule 8 despite being unassisted by counsel. Accordingly, the motion for appointment will be denied.

### (3) Motion to Prosecute

Due to the substantial amount of time that had passed while this matter was stayed, Moen was directed to provide a notice of his intent to continue prosecuting this lawsuit following the lifting of the stay, with failure to provide the necessary notice of intent resulting in dismissal of this action without prejudice for failure to prosecute. See ECF No. 18. Moen responded to the order with a motion not to dismiss this action. See ECF No. 19. A motion was not strictly necessary — any statement from Moen that he intended to prosecute this matter would have sufficed — but, in any event, this matter will not be dismissed for failure to prosecute. Moen's motion will therefore be granted.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein**, IT IS HEREBY ORDERED THAT**:

1. The motion to amend of plaintiff Kevin Moen [ECF No. 6] is **GRANTED**.

2. The Clerk of Court is directed to redocket the Proposed Amended Complaint [ECF No. 6-1] as the Amended Complaint. That document is now the operative pleading in this matter. See Fed. R. Civ. P. 15(a)(1).

3. Moen's motion to appoint counsel [ECF No. 9] is **DENIED**.

4. Moen's motion to prosecute [ECF No. 19] is **GRANTED**.

5. Moen must submit a second amended complaint **within 28 days of the date of this order**, failing which it will be recommended that this matter be dismissed without prejudice pursuant to Rule 8 of the Federal Rules of Civil Procedure.

Dated: October  5 , 2022                     *s/ Tony N. Leung*
                                             Tony N. Leung
                                             United States Magistrate Judge
                                             District of Minnesota


                                             *Moen v. Jesson et al.*
                                             Case No. 11-cv-2906 (ADM/TNL)