# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Moen, | Case No. 11-cv-2906 (ADM/TNL) |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| State of Minnesota; Minnesota Department of Human Services; Minnesota Sex Offender Program; Minnesota Attorney General's Office; Minnesota Department of Corrections; Pipestone County Health and Human Services Director-Jane Doe; Tim Walz, Governor, State of Minnesota; Jodi Harpstead; Nancy Johnston; Terry Kneisel; Nancy Stacken; Meg McCauley; Sue Johnson; Janine Hebert; Paul Christensen; Chad Mesojedec; Ann Linkert; Stacey Rhoades; Kayla Taylor; Krista Gilpin; Dr. Barry; Elizabeth Peterson; David Clanaugh; Chris Sell; Nicholas Lammi; Blake Carey; Brian Ninneman; Steve Sajdak; Jordan Goodman; Corey Vargason; Jana Skye Brister-Korby; Marshall Smith, Department of Health Systems Chief Executive Officer, Direct Care and Treatment, Minnesota Department of Human Services; Keith Ellison, Attorney General, State of Minnesota; Paul Schnell, Commissioner, Minnesota Department of Corrections; and an unknown number of John Does and Jane Does, sued in their individual and official capacities, | |
| Defendants. | |

1

Plaintiff Kevin Moen, a client of the Minnesota Sex Offender Program ("MSOP"), commenced this action in 2011 with an 82-page, 237-paragraph complaint raising 15 claims for relief against approximately a dozen state officials and employees of MSOP. *See* Complaint [ECF No. 1].  Not long after that, Moen filed a motion to amend his complaint.  *See* ECF No. 6.  Moen's proposed amended complaint was even longer—121 pages (though in a somewhat bigger font than the initial complaint), about 250 paragraphs, and nineteen causes of action brought against the same list of defendants. *See* ECF No. 6-1.

Moen's motion to amend remained pending before the Court when this matter was stayed in January 2012 pending adjudication of *Karsjens v. Minnesota Department of Human Services*, No. 11-CV-3659 (DWF/TNL).  *See* ECF No. 7.  The stay was not lifted until October 2022.  *See* ECF No. 20.  After the stay was lifted, this Court granted Moen's motion to amend, noting that Moen was entitled to amend his complaint once as a matter of course and that leave of the Court therefore would not be required for Moen to replace his initial pleading with his proposed amended pleading.  *See* ECF No. 21 (citing Fed. R. Civ. P. 15(a)(1)).  But this Court also noted while granting the motion to amend that Moen's amended complaint failed the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that a pleading stating a claim for relief include only "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See id*.  Rather than recommend dismissal of this action on that basis, however, this Court afforded Moen an opportunity to file a second amended complaint that set forward the grounds on which he sought relief more plainly and more succinctly.  *Id*.

2

Moen has succeeded at filing a second amended complaint, *see* ECF No. 23, but failed at complying with Rule 8(a)(2). The second amended complaint is nominally shorter (92 pages) than the second amended complaint (121 pages), but with smaller typeface. Despite the fewer number of pages of the second amended complaint, the number of paragraphs has increased yet again, from around 250 to over 300. In other words, the second amended complaint is self-evidently not "short." In fact, it is longer than many, many pleadings that have been found by federal courts, including in this District, to have been filed in violation of Rule 8(a)(2). *See, e.g.*, *Downey v. United States*, No. 4:19CV1844, 2019 WL 5653602, at *2 (E.D. Mo. Oct. 31, 2019) (dismissing 81-page complaint); *Foy v. Sanders*, No. 16-CV-0097 (JNE/LIB), 2016 WL 8732506, at *1 (D. Minn. Feb. 19, 2016) (finding that 60-page complaint violated Rule 8(a)(2)); *In re Buffets, Inc. Securities Litigation*, 906 F. Supp. 1293, 1297 (D. Minn. 1995) (finding that the pleading, "which is 55 pages long and contains 129 paragraphs," violated Rule 8(a)(2)).

Neither is the second amended complaint "plain." The list of about a dozen defendants named in Moen's earlier pleadings has now ballooned to nearly three times that number (and that is counting only identifiable parties—Moen also names "an unknown number of John Does and Jane Does" as defendants). With respect to most of the factual allegations and legal claims found in the complaint, Moen alleges only generally that "Defendants"—who in this action range from the current governor of Minnesota to security officials at MSOP—committed some action or another. In still other places in the second amended complaint, Moen has copied and pasted the entire list of defendants, affirmatively alleging that every single defendant has committed every single act alleged to have violated

the law, even where that allegation plainly does not make any sense. *See, e.g.*, Second Am. Compl. ¶ 231 (alleging that every defendant, including non-supervisory defendants, failed "to train or supervise the offending actors"). It is therefore often impossible to tell from the second amended complaint *whom*, specifically, is being alleged by Moen to have done *what*.

As this Court warned Moen previously, "Rule 8 was not promulgated to provide helpful advice; it has the force of law, and it must be followed." *Gurman v. Metro Housing and Redevelopment Authority*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). The purpose of a complaint is to put defendants adequately on notice of why they are being sued. Moen's second amended complaint, like his first amended complaint (and, for that matter, his initial complaint) fails at this basic task both because of its sheer breadth and the manner in which the allegations have been pleaded. The Court may enforce Rule 8 and dismiss a complaint for being in violation of that rule *sua sponte*. *See Olson v. Little*, 978 F.2d 1264 (8th Cir. Oct. 27, 1992) (unpublished table disposition); *Hunter v. Murdoch*, No. 19-CV-0590 (NEB/DTS), 2019 WL 1967130, at *1 (D. Minn. Mar. 21, 2019). That disposition is now recommended.

Finally, although dismissal is not recommended on this basis, this Court notes that most of Moen's federal-law claims for relief appear, at least on initial appearance, to be barred by the doctrine set forth in *Heck v. Humphrey*:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid ..., plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

4

>executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 486-87 (1994) (footnote omitted); *see also Thomas v. Eschen*, 928 F.3d 709, 711-12 (8th Cir. 2019) (applying *Heck* in the context of civil commitments). Although Moen is careful not to ask the Court expressly for the direct invalidation of his civil commitment, it is difficult to see how Moen could succeed on most of his claims without the invalidity of his commitment being necessarily implied. To cite one example, Moen alleges that the fact of his civil commitment, in and of itself, amounts to a violation of his due-process rights. *See* Second Am. Compl. at 85. This Court cannot see how Moen could succeed on this claim and not thereby implicate the underlying validity of the civil commitment. *Heck* precludes such a claim.

    This Court does not reach the issue of *Heck*, however—the needless overlength of Moen's complaint makes such an analysis inappropriate. Moen has repeatedly failed to submit a pleading that complies with Rule 8(a)(2), and it is recommended that this matter be dismissed without prejudice on that basis.

## RECOMMENDATION

Based on the foregoing, and on all of the files records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 8(a)(2).

Date: December  2 , 2022                             *s/ Tony N. Leung*
                                                    Tony N. Leung
                                                    United States Magistrate Judge
                                                    District of Minnesota

                                                    *Moen v. State of Minnesota et al.*
                                                    Case No. 11-cv-2906 (ADM/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).